UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:05-cr-00101-SEB-TAB |
| EDUARDO CRUZ, | ) )  -01 ) | |
| Defendant. | ) | |

## ENTRY DENYING FIRST STEP ACT MOTION

Defendant Eduardo Cruz sent the Court a letter asking if he was eligible for a sentence reduction under the First Step Act. Dkt. 26. The Court construed the letter as a motion to reduce sentence under the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). Dkt. 27. For the reasons explained below, the motion, dkt. [26] is **denied**.

### Background

In January 2006, Mr. Cruz pled guilty to: (1) conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841 and 846; and (2) unlawful possession of a firearm by an alien illegally and unlawfully in the United States in violation of 18 U.S.C. § 922(g)(5). Dkt. 1 at 4–5 (JAMS docket entries for 1/20/2006, 1/27/2006, 5/18/2006); dkt. 32 at 1, 3, 4 (Presentence Investigation Report). In May 2006, Mr. Cruz was sentenced to 216 months in the Bureau of Prisons ("BOP") and 5 years of supervised release. Dkt. 1 at 5 (JAMS docket entries for 5/15/2006 and 5/18/2006). Mr. Cruz is 45 years old and is currently incarcerated at Big Spring Correctional Institution. The BOP website lists his release date as October 17, 2020.

Mr. Cruz sent the Court a letter asking if he is eligible for a sentence reduction under the First Step Act, noting that the statute has retroactive sentencing provisions and also allows federal

prisoners to earn up to 54 days of good time credit per year, rather than the previous limit of 47 days per year. Dkt. 26. The Court appointed counsel to represent Mr. Cruz. Dkt. 27. Appointed counsel appeared but later withdrew. Dkts. 28–30.

After appointed counsel withdrew, the Court ordered Mr. Cruz to supplement his motion with any information or argument that might inform the Court's discretion to grant or deny his motion. Dkt. 31. Mr. Cruz filed a one-page supplement, stating:

> I don't have arguments in my case. And I can't do anything. I can't do a motion pro se—I don't have help paralegal and now I apologize to the judge[.] I know that I did my first error in my life[.] I would like to return to my country and take of my responsibilities of my family. I pray that I am considered for the reduction of time.

Dkt. 33. The United States responded, arguing that Mr. Cruz should have filed his motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where he is currently incarcerated and that, in any event, his motion is moot because his good-time credits have already been adjusted under the First Step Act. Dkt. 39. Mr. Cruz replied, stating that the Court has discretion to grant a prisoner relief "based on good cause" and that he is "trying to request . . . a consideration that will reflect his good conduct, and also the programming he's been attending." Dkt. 40 at 1. He states that he "will never qualify [for] anything" under the First Step Act "[due] to his deportation status" and asks the Court to consider "some relief if possible." *Id.*

## Discussion

Federal courts are limited in their ability to alter criminal sentences. Under 18 U.S.C. § 3582(c), a court "may not modify a term of imprisonment once it has been imposed" except in the circumstances set forth in that section. Mr. Cruz does not contend that a sentencing guideline change warrants a reduction, as required for relief under 18 U.S.C. § 3582(c)(2). He is not eligible for relief under § 3582(c)(1)(A)(ii), which requires, among other things, that a defendant be at least 70 years of age, that he has served at least 30 years in prison on a mandatory life sentence, and that

the BOP has determined that he is not a danger to the safety of any other person or the community. The Court also does not understand Mr. Cruz to be seeking a sentence reduction for "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).[1]

Thus, the only portion of § 3582 potentially applicable here is § 3582(c)(1)(B), which provides that a court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Mr. Cruz's initial letter asked whether he was eligible for a reduced sentence under the First Step Act. His supplement and reply essentially concede, however, that he has no basis for relief under the First Step Act. Dkts. 33, 40.

Even if Mr. Cruz had not made this concession, his motion would be denied. The only specific portion of the First Step Act he identifies as potentially applicable is § 102(b), 132 Stat. at 5210, which amended 18 U.S.C. § 3624(b)(1) and increased the maximum allowable good-time credit from 47 days per year to 54 days per year. *See United States v. Yates*, No. 1:06 CR 14, 2019 WL 5681596, at *2 (N.D. Ind. Oct. 25, 2019) (discussing § 102(b) of the First Step Act); *compare* 18 U.S.C. § 3624(b)(1) (2018) *with* 18 U.S.C. § 3624(b)(1) (2019); *see generally Barber v. Thomas*, 560 U.S. 474 (2010) (discussing calculation of good-time credit under former § 3624(b)(1)). Even after the First Step Act, however, § 3624 "makes it clear that it is the Bureau of Prisons, not the court, that determines whether a federal prisoner should receive good time

---

[1] Even if Mr. Cruz were seeking a sentence reduction under § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons," the motion would be denied. Under that section, a defendant may only file a motion for sentence reduction with a district court after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Mr. Cruz has not alleged that he has exhausted his administrative remedies, and he has not established that the Court has the power to waive the administrative exhaustion requirement or explained why the Court should do so in his case. He also has not set forth any "extraordinary and compelling reasons" that would justify a sentence reduction.

credit." *United States v. Evans*, 1 F.3d 654, 654 (7th Cir. 1993) (discussing prior version of § 3624). Although the First Step Act changed the amount of good time credit available, it did not give the courts the authority to award such credit. Thus, the First Step Act does not give the Court the authority to grant Mr. Cruz good time credits, and Mr. Cruz's motion is due to be denied.[2]

Regardless, Mr. Cruz's request for good-time credits is moot. With its response, the United States submitted a declaration from a BOP Correctional Programs Specialist. She states that Mr. Cruz's good time credit has already been recalculated in accordance with the First Step Act and attaches reports showing that his current release date of October 17, 2020, is based on that recalculation. Dkt. 39-1 at 2, 14–19. In his reply, Mr. Cruz does not dispute that he has already received the good time credits he requested in his initial letter to the Court. *See* dkt. 40.[3] Thus, his request for good time credits is due to be denied as moot. *Cf. United States v. Sirois*, No. 1:11-cr-

---

[2] The Court does not understand Mr. Cruz to be challenging the manner in which the BOP has calculated his good-time credits. Instead, it understands him simply to be asking if the Court can award him good time credits under the First Step Act. If he were challenging the BOP's calculation, that challenge would properly be raised via a petition for writ of habeas corpus under 28 U.S.C. § 2241 after exhausting his administrative remedies. *United States v. Hagler*, No. 1:10 CR 51, 2019 WL 2393861, at *1 (N.D. Ind. June 4, 2019) (concluding that the proper vehicle for a defendant to request relief from the BOP's calculation of good time credits is a § 2241 habeas petition). But a § 2241 petition can only be brought in the district where the applicant is incarcerated. *Rumsfeld v. Padilla,* 542 U.S. 426, 443, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Mr. Cruz is currently incarcerated in the Northern District of Texas. Thus, any § 2241 petition would properly be filed there, not in this Court. *See al-Marri v. Rumsfeld*, 360 F.3d 707, 709–10 (7th Cir. 2004) (concluding that § 2241 requires petitioner to litigate in the district where he is incarcerated and noting that appellate courts regularly dismiss § 2241 actions filed outside district where petitioner is detained); *Hagler*, 2019 WL 2393861, at *1 (concluding that sentencing court lacks jurisdiction to hear § 2241 claim related to calculation of good time credits when defendant is incarcerated in another district).

[3] In his reply, Mr. Cruz states that he is not eligible for relief under the First Step Act because he is deportable. Dkt. 40 at 1. While some benefits of the First Step Act are unavailable to defendants who are under a final order of removal under the immigration laws, *see, e.g.*, 132 Stat. at 5203 (First Step Act, § 101(a)) (making a prisoner ineligible to apply certain credits earned under 18 U.S.C. § 3632 if "the prisoner is the subject of a final order of removal under any of the immigration laws . . . of the Immigration and Nationality Act"), there is no evidence in this criminal record that Mr. Cruz is under a final order of removal and, regardless, Mr. Cruz's immigration status does not affect his eligibility for the good time credits he seeks, *see* 132 Stat. at 5210–13 (First Step Act, § 102(b), codified at 18 U.S.C. § 3624).

4

00206-JAW-2, 2019 WL 1923632, at *1 (D. Me. Apr. 30, 2019) (concluding that request for release under the First Step Act was moot because defendant had already been released).

To the extent Mr. Cruz's initial letter can be read as a request to take advantage of the First Step Act's retroactive sentencing provisions, he is not eligible for such relief. The First Step Act makes retroactive the Fair Sentencing Act of 2010's reduction in the disparity between crack and powder cocaine sentences. Section 404 of the First Step Act makes sections 2 and 3 of the Fair Sentencing Act of 2010 retroactive to defendants, and it allows district courts to reduce a defendant's sentence for a crack cocaine offense as if the sections of the Fair Sentencing Act of 2010 were in effect at the time the defendant's offense was committed. *See* 132 Stat. at 5222 (First Step Act, § 404). Mr. Cruz is not eligible for a sentence reduction under the plain language of the First Step Act because he was not convicted of an offense involving crack cocaine. *See United States v. Ridlen*, No. 12-CR-40020-NJR-14, 2020 WL 469664, at *2 (S.D. Ill. Jan. 29, 2020) (holding defendant entitled to no relief under First Step Act for methamphetamine offense).

Finally, in his reply, Mr. Cruz asks the Court to consider "some relief if possible" because the Court has discretion to grant relief "based on good cause." Dkt. 40 at 1. As explained above, the Court's ability to modify a sentenced is limited, and there is no general "good cause" exception.

The motion to reduce sentence under the First Step Act, dkt. [26], is **denied**.

**IT IS SO ORDERED.**

Date:   4/17/2020

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Eduardo Cruz
Reg. No. 07887-028
Big Spring
Correctional Institution
2001 Rickabaugh Dr.
Big Spring, TX 79720

All Electronically Registered Counsel